IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RONALD JOSEPH JONES JR., <br><br>            Petitioner, <br><br> v. <br><br> STATE OF UTAH, <br><br>            Respondent. | **MEMORANDUM DECISION & DISMISSAL ORDER** <br><br><br> Case No. 2:19-CV-488-DAK <br><br> District Judge Dale A. Kimball |

## BACKGROUND

• 7/31/19     Filing of federal habeas-corpus petition. (ECF No. 4.)

• 1/17/20     Petitioner files change of address. (ECF No. 5.)

• 6/18/20     Petitioner ordered to within thirty days cure petition's deficiencies by filing amended petition as guidance indicated. (ECF No. 6.)

Petitioner has not contacted the Court since January 17, 2020 (about nine months ago).

## ANALYSIS

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the [petitioner] fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). This Court may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the [respondent] file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a [petitioner's] failure to prosecute or comply with . . . court orders."); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the

parties seeking relief"); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) ("Dismissal

for failure to prosecute is a recognized standard operating procedure in order to clear the

deadwood from the courts' calendars where there has been prolonged and unexcused delay.").

In determining whether to dismiss this action, the Court applies the factors from

*Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)—i.e., "(1) the degree of actual prejudice

to [Respondent]"; (2) "the amount of interference with the judicial process"; (3) the litigant's

culpability; (4) whether the noncomplying litigant was warned that dismissal was a likely

sanction; and (5) "the efficacy of lesser sanctions." *Id*. at 921 (internal quotation marks omitted);

*see also Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (applying *Ehrenhaus* factors in

habeas case). Dismissal with prejudice is appropriate only when these factors overshadow the

judicial system's strong preference to decide cases on the merits. *DeBardeleben v. Quinlan*, 937

F.2d 502, 504 (10th Cir. 1991). The *Ehrenhaus* factors are not "a rigid test; rather, they represent

criteria for the district court to consider [before] imposing dismissal as a sanction." *Ehrenhaus*,

965 F.2d at 921; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The

*Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts

the district court may wish to 'consider' in the exercise of what must always be a discretionary

function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing

*Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka*

*& Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is

a fact specific inquiry that the district court is in the best position to make.").

**Factor 1: Degree of actual prejudice to Respondent**. Prejudice may be inferred from

delay, uncertainty, and rising attorney's fees. *Faircloth v. Hickenlooper*, No. 18-1212, 2018 U.S.

2

App. LEXIS 36450, at *5 (10th Cir. Dec. 26, 2018) (unpublished); *Jones v. Thompson*, 996 F.2d

261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886

F.3d 852, 860 (10th Cir. 2018) (concluding substantial prejudice when plaintiff "sparked months

of litigation" and defendants "wasted eight months of litigation"); *Riviera Drilling &*

*Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished)

(approving district court's observation that "delay would 'prolong for the defendants the

substantial uncertainty faced by all parties pending litigation'") (citation omitted).

Reviewing this case's docket, the Court concludes that Petitioner's neglect does not

overtly prejudice Respondent, except that, in general, passage of time can weaken evidentiary

support for a position. This factor weighs in favor of dismissal.

**Factor 2: Amount of interference with judicial process**. In *Jones*, the Tenth Circuit

concluded that the plaintiff had significantly interfered with the judicial process when he did not

answer a show-cause order or join a telephone conference. *Jones*, 996 F.2d at 265. Though Jones

later argued that the district court could have abated the suit and revisited the status in three to

six months, the court noted that abeyance would have delayed the proceedings for the other

parties and the court. *Id*. The court said, "In similar circumstances, we have held that a district

court could find interference with the judicial process when the plaintiff 'repeatedly ignore[s]

court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid

unnecessary burdens on the court and the opposing party.'" *Id*. (citation omitted).

Meanwhile, in *Villecco*, the Tenth Circuit concluded that the plaintiff had "caused great

interference with the judicial process by failing to provide the court with a current mailing

address or an address that he regularly checked; respond to discovery requests; appear at his

deposition; list any fact witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss." *Villeco v. Vail Resorts, Inc.*, 707 F. App'x 531, 533 (10th Cir. 2017); *see also Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (unpublished) ("[H]e did not (1) respond to the order to show cause or (2) notify the court of his change of address as required by the local rules, even though his past actions show he was aware of the requirement."); *Taylor v. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing under *Ehrenhaus* when "judicial process essentially ground to a halt when [Plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders"); *Killen v. Reed & Carnick*, No. 95-4196, 1997 U.S. App. LEXIS 430, at *4 (10th Cir. Jan. 9, 1997) (unpublished) ("Plaintiff's willful failure to comply with [court] orders flouted the court's authority and interfered with the judicial process." (Internal quotation marks & citation omitted.)). "[F]ailure to respond to court orders cannot be ignored." *Davis*, 571 F.3d at 1062.

Likewise here, this Court concludes Petitioner's failure to prosecute his case--i.e., failure to comply with Court orders--necessarily interferes with effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors,* 351 F.3d 1324, 1326-27 (10th Cir. 2003); *Oliver*, 2010 U.S. Dist. LEXIS 92836, at *6 (holding petitioner's failure to comply with rules and order to show cause shows lack of respect for court, respondent, and judicial process, and concluding, if petitioner's case were not dismissed, court's merits review of petition would unnecessarily increase court's workload and interfere with justice administration). Petitioner's failure to put himself in a position to comply with court orders disrespects the Court and the judicial process. His neglect has caused the Court and staff to spend unnecessary time and effort. The Court's frequent review of the docket and preparation of orders

to move this case along have increased the workload of the Court and hijacked its attention from other matters with parties who have met their obligations and deserve prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 U.S. Dist. LEXIS 72562, at *7 (D. Kan. Oct. 4, 2006).

This factor weighs toward dismissal. *See Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *8-9; *see also Estate of Strong v. City of Northglen*, No. 1:17-cv-1276-WJM-SKC, 2018 U.S. Dist. LEXIS 211095, at *10 (D. Colo. Dec. 14, 2018) (report & recommendation) ("It is hard to fathom how failing to respond to orders of the federal district court would *not* interfere with the judicial process." (Emphasis in original.)).

**Factor 3: Litigant's culpability**. Evidence of culpability may be drawn from Petitioner's failure to provide an updated address (if one exists) and to file an amended petition after being ordered to do so. *See Villecco,* 707 F. App'x at 534 (10th Cir. 2017); *see also Faircloth*, 2018 U.S. App. 36450, at *6 (finding culpability when plaintiff "had been solely responsible for his failure to update his address, to respond to the show-cause order"); *Stanko v. Davis*, 335 F. App'x 744, 747 (10th Cir. 2009) (unpublished) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months."); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (holding plaintiff responsible for inability to receive court filings based on not notifying court of correct address).

Earlier here, Petitioner showed ability to file a petition on his own and respond to Court orders. (Doc. Nos. 1, 2, 4.) Because his last communication was when he filed a change of

address on January 17, 2020, Petitioner showed awareness of his responsibility to move his case

forward in a timely manner and keep in touch with the Court. (ECF No. 5.) Still, nine months

have now passed since Petitioner's last filing--with no further word at all. And Petitioner has not

responded to the order to show cause or notified the Court whether he has again changed his

address. *See Banks*, 680 F. App'x at 724; *see also Oliver*, 2010 U.S. Dist. LEXIS 92836, at *6-7

("Applicant has, without any reasonable excuse, ignored [his duty to tell the Court of any address

change]. Applicant has also failed to show cause why his case should not be dismissed or

provide any justification for his failure to prosecute his case. Although Applicant's pleadings are

construed liberally because he is proceeding pro se, he is not excused from his obligations to

follow the same rules of procedure that govern other litigants. Therefore, the Court concludes

that Applicant is culpable for his failure to follow the Local Rules and failure to litigate his

case." (Citation omitted.)).

      This factor weighs in favor of dismissal.

      **Factor 4: Whether court warned noncomplying litigant that dismissal was likely**

**sanction**. In *Faircloth*, the court twice warned the plaintiff that failure to comply could result in

dismissal. *Faircloth*, 2018 U.S. App. 36450, at *7. On appeal, when the plaintiff argued he did

not get these warnings, the Tenth Circuit stated, "But he could have received the warnings had he

complied with the local rule requiring him to update his address. Because he did not, the court's

only option was to mail documents to him at his last known address. These mailings constituted

effective service [under Fed. R. Civ. P. 5(b)(2)(C)]." *Id*; *see also O'Neil v. Burton Grp.*, 559 F.

App'x 719, 722 (10th Cir. 2014) (unpublished) (supporting dismissal with prejudice for failure to

appear especially after litigant had been warned repeatedly of consequences).

Here, the Court stated in its last order that failure to comply would result in dismissal. (ECF No. 6.) Specifically, the Court explained the duty to update location and pursue the case, warning, "Failure to do so may result in this action's dismissal for failure to prosecute." (*Id*. at 6.) There can be no mistaking the Court's intentions.

**Factor 5: Efficacy of lesser sanctions**. Also in *Faircloth*, the district court had decided that no lesser sanction than dismissal could be effective when "[t]he court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address." *Faircloth*, 2018 U.S. App. 36450, at *7-8. Due to this uncertainty, "the court reasonably concluded that dismissal was necessary." *Id*.

Another case upheld dismissal when, "given [plaintiff's] failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the [district] court found no lesser sanction than dismissal would be effective." *Villecco,* 707 F. App'x at 533. The court noted, "A lesser sanction would be ineffective because a stay would not have a 'real impact on [Plaintiff] in encouraging responsiveness.'" *Id*. at 535; *see also O'Neil v. Burton Grp*., 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) ("[S]imply because lesser sanctions were available does not mean that the court was obligated to apply them.").

In yet another appeal, the Tenth Circuit stated that, though "dismissal should be imposed only after careful exercise of judicial discretion," it

> is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. . . . Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

*United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855, 856 (10th Cir. 2005).

It is true that, for a *pro se* party, "the court should carefully assess whether it might . . . impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3; *see also Callahan v. Commun. Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) (unpublished) ("'The Court has been beyond lenient with Plaintiff throughout these proceedings based on his *pro se* status.'") (Citation omitted.)). On the other hand, "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (unpublished); *cf. Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) ("Because Riviera had filed for bankruptcy, a financial sanction was out of the question.").

Again, dismissal is a drastic sanction, but the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Dismissal is warranted when there is a persistent failure to prosecute the complaint. *See Meade v. Grubbs,* 841 F.2d 1512, 1518 n.6, 1521-22 (10th Cir. 1988).

Applying these principles here, the Court concludes that no sanction less than dismissal would be effective. First, though Petitioner is *pro se*, he is not excused of his neglect here. *See Green,* 969 F.2d at 917. Second, Petitioner has neglected this case long enough that the Court doubts monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner). This is because there is no way for the Court to even know whether Petitioner is receiving its orders. "It is apparent that Plaintiff is no longer

interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser

sanction is warranted and dismissal is the appropriate result." *Kalkhorst,* 2018 U.S. Dist. LEXIS

215598, at \*12-13; *see also Oliver*, 2010 U.S. Dist. LEXIS 92836, at \*7-8 ("[B]ased upon

Applicant's unknown location, the Court doubts that a monetary sanction would be practical or

effective. Further, Applicant's conduct impacts both the judicial system and Respondent jointly,

and considering that Applicant has essentially neglected his case, the Court finds that no lesser

sanction would be effective.").

## CONCLUSION

Having comprehensively analyzed the *Ehrenhaus* factors against the timeline and

Petitioner's lack of responsiveness here, the Court concludes that dismissal is appropriate.

IT IS THEREFORE ORDERED that the petition is DISMISSED with prejudice. This

action is CLOSED.

DATED this 15th day of October, 2020.

BY THE COURT:

_____

JUDGE DALE A. KIMBALL
United States District Court